UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

HAROLD A. JOHNSON,

    Petitioner,

v.                                         Case No. 2:12-cv-26
                                          HON. R. ALLAN EDGAR
JEFFREY WOODS,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

Petitioner Harold Johnson filed this petition for writ of habeas corpus challenging his conviction for delivery of more than 50 grams but less than 449 grams of cocaine. Petitioner entered into a plea agreement wherein he would cooperate with police officers as an informant in exchange for a lesser sentence. The agreement stated that if Petitioner failed to cooperate he would proceed to sentencing. The judge delayed the sentencing to provide time for Petitioner to cooperate with police officers. Petitioner failed to cooperate, but moved to adjourn his sentencing date. Petitioner attended the initial hearing to adjourn the sentencing date. The motion was denied and sentencing was set for that afternoon. Petitioner failed to attend the sentencing hearing. A bench warrant was issued. Petitioner was arrested over one year later on the bench warrant. Petitioner was sentenced to 87 months to 20 years imprisonment. Petitioner then filed a motion to withdraw his guilty plea, asserting the same claims that he asserts in this petition. The motion was denied. Petitioner appealed the denial of the motion to the Michigan appellate courts which both denied leave to appeal.

Respondent has filed an answer to the petition and Petitioner has filed a motion for summary judgment. Petitioner asserts:

> I. Petitioner's conviction violates his state and federal constitutional rights because his counsel was ineffective, he had a valid defense and his plea was coerced and involuntary and the plea agreement was breached by the prosecution.

The trial judge held a hearing on Petitioner's motion to withdraw his plea on these issues. In denying the motion, the trial court explained:

> I remember this case quite well. Defendant entered his plea as indicated in the Court file on September 25, '08. I was asked to give an extended period of time for the sentencing because he was going to work with the police. If you were to earn some type of appropriate recommendation. In addition, the following statements in the plea agreement were subscribed by counsel and defendant, the People will agree not to seek sentence enhancement as a habitual offender four. It would have increased the maximum penalty to life. Also, the People agree not to issue two additional warrants against the defendant for delivery of cocaine. That's set forth there in the plea agreement.
>
> It is also stated that the defendant and the People agree there is a potential consecutive sentencing if the defendant is on probation or parole. I don't thing probation, but parole at the time of sentencing.
>
> The defendant was on page two to cooperate with officers of FANG on the day of his plea until the date of his sentencing before this Court. The requirements for his cooperation were also further set forth on the second page of the plea agreement. It is further stated there the defendant and the People agree if he does cooperate with the troopers and FANG then the result of his cooperation is the seizure of controlled substances and arrest of individuals as described above, he'd be allowed to withdraw his plea and given a reduced charge in exchange for the cooperation. That was to be at the sole discretion oft he prosecutor and that was Mr. Cassady who is here today.
>
> People and defendant agreed further if defendant does [sic] cooperate with FANG or unable to meet the terms of the agreement to the satisfaction of the People, he will proceed to sentencing on the charge of delivery of cocaine not less than fifty no more than four hundred forty-nine grams.

> As I recall this, the entire -- the entire case was to achieve cooperation and earned [sic] a reduced charge and accordingly a reduced sentence in this matter. I certainly can see that I extended the period for sentencing well beyond what my normal practice would be. And I remember very well on the day of December 1, for some reason Mr. Doll and defendant showed up in the morning, picked up the presentence report sentencing being scheduled at two. 2:00 came, no defendant. I think Mr. Cassady's accurate, he saw the recommendation there, knew that nothing had been done to earn, shall we say, quote unquote earn, any kind of reduction in charge or recommendation for any kind of reduced sentence beyond what is set forth in the presentence report. And defendant skipped. He was not returned to the Court on the bench warrant after December 1, when the warrant was apparently issued until May 24, 2010. So it was a year and half nearly after that before he was arrested on the warrant. And at that time, sentencing took place.
>
> So, I think that the record is clear that at the time certainly the plea was entered voluntarily and it was not coerced by anything at all. It was his decision to try to work with the police. And that was the whole goal of the plea agreement to let him have the time to do that as it's spelled out to him exactly what he needed to do to earn that cooperation from the People. And he did not comply with his part of the bargain.
>
> So, I can't find that the plea was either coerced or involuntary. And I don't think that Mr. Doll was ineffective because the whole focus of this was for Mr. Doll to get Mr. Cassady to agree to let his client, Mr. Johnson, work, because he was facing a serious charge and habitual status. And other particular - - or other potential charges dealing with drug activity.
>
> So, I'm denying the motion to withdraw the plea. Thank you.

Motion transcript, Docket #25, at 8-11.

In April of 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) became effective. Because this petition was filed after the effective date of the AEDPA, this Court must follow the standard of review established in that statute. Pursuant to the AEDPA, an application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state

court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This provision marks a "significant change" and prevents the district court from looking to lower federal court decisions in determining whether the state decision is contrary to, or an unreasonable application of, clearly established federal law. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). To justify a grant of habeas corpus relief under this provision of the AEDPA, a federal court must find a violation of law "clearly established" by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision. *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Recently, the Supreme Court held that a decision of the state court is "contrary to" such clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Id.* A state court decision will be deemed an "unreasonable application" of clearly established federal law "if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* A federal habeas court may not find a state adjudication to be "unreasonable" "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 412. Rather, the application must also be "unreasonable." *Id.* Further, the habeas court should not transform the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was unreasonable. *Id.* at

410 (disavowing *Drinkard v. Johnson*, 97 F.3d 751, 769 (5th Cir. 1996)). Rather, the issue is whether the state court's application of clearly established federal law is "objectively unreasonable." *Williams*, 529 U.S. at 409.

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy,* 160 F.3d 1131, 1134 (6th Cir. 1998). The habeas corpus statute has long provided that the factual findings of the state courts, made after a hearing, are entitled to a presumption of correctness. This presumption has always been accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989), *cert. denied*, 495 U.S. 961 (1990). Under the AEDPA, a determination of a factual issue made by a state court is presumed to be correct. The petitioner has the burden of rebutting the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *see also Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 527 U.S. 1040 (1999).

The constitutional validity of a guilty plea entered in the state courts is to be judged under the due-process standard set forth by the United States Supreme Court in *Boykin v. Alabama*, 395 U.S. 238 (1969). Under *Boykin*, a guilty plea must be knowing and voluntary in order to withstand scrutiny under the Due Process Clause. A criminal defendant enters a guilty plea knowingly when he understands the nature of the charge and the "direct consequences" of his guilty plea. *See Brady v. United States*, 397 U.S. 742, 748 (1970). In general, a defendant is aware of the direct consequences of the plea if he or she is aware of the maximum and minimum (if any) sentence that may be imposed. *See King v. Dutton*, 17 F.3d 151, 153-54 (6th Cir.), *cert. denied*, 504 U.S. 1222 (1994); *Hart v. Marion Corr. Inst.*, 927 F.2d 256, 259 (6th Cir.), *cert. denied*, 502 U.S. 816 (1991).

When a state prisoner brings a federal habeas petition challenging the voluntariness of his plea, the state generally satisfies its burden of showing a voluntary and intelligent plea by producing a transcript of the state-court proceeding. *Garcia v. Johnson*, 991 F.2d 324, 326 (6th Cir. 1993). Where the transcript is adequate to show that the plea was voluntary and intelligent, a presumption of correctness attaches to the state court findings of fact and to the judgment itself. *Id.* A satisfactory state-court transcript, containing findings after a proper plea colloquy, places upon petitioner a "heavy burden" to overturn the state findings. *Id.* at 328; *see Parke v. Raley*, 113 S. Ct. 517, 523 (1992). In the present case, after a thorough interrogation of Petitioner, the state judge found that petitioner's plea of guilty was entered knowingly and voluntarily. Plea transcript, Docket #21. Further, the judge denied Petitioner's post sentencing motion for withdrawal of the guilty plea, clearly explaining that Petitioner entered the guilty plea knowingly and voluntarily. The decision of the judge, in the opinion of the undersigned, was reasonable.

Petitioner claims that he received ineffective assistance of counsel because counsel failed to adequately inform Petitioner about an entrapment defense. In *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984), the Supreme Court established a two-prong test by which to evaluate claims of ineffective assistance of counsel. To establish a claim of ineffective assistance of counsel, the petitioner must prove: (1) that counsel's performance fell below an objective standard of reasonableness; and (2) that counsel's deficient performance prejudiced the defendant resulting in an unreliable or fundamentally unfair outcome. A court considering a claim of ineffective assistance must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. The defendant bears the burden of overcoming the presumption that the challenged action might be considered sound trial strategy. *Id.* (citing *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)); *see also Nagi v. United States*, 90 F.3d 130, 135 (6th Cir. 1996) (holding

that counsel's strategic decisions were hard to attack). The court must determine whether, in light of the circumstances as they existed at the time of counsel's actions, "the identified acts or omissions were outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690. Even if a court determines that counsel's performance was outside that range, the defendant is not entitled to relief if counsel's error had no effect on the judgment. *Id.* at 691. In the opinion of the undersigned, Petitioner cannot even come close to establishing that he received ineffective assistance of counsel in this case. Counsel was able to negotiate a very favorable plea deal for Petitioner that would have resulted in a significantly reduced sentence for Petitioner. Petitioner cannot establish that the trial court's finding that he received effective assistance of counsel was an unreasonable decision. Moreover, having entered a plea, petitioner may not challenge antecedent non-jurisdictional defects unless the state allows him to raise such claims. *See Tollett v. Henderson*, 411 U.S. 258, 261-67 (1973); *Lefkowitz v. Newsome*, 420 U.S. 283, 293 (1975).

Petitioner makes vague assertions that the prosecution breached the plea agreement by being unavailable to Petitioner to carry-out the agreement. There is no evidence to support Petitioner's claim. Petitioner has not shown that he took any significant action to carry out his end of the plea deal. Further, Petitioner's claim is not well taken considering the fact that he failed to attend his scheduled sentencing hearing and eluded his bench warrant for over one year.

In summary, the undersigned concludes that Petitioner's claims are without merit and therefore recommends that this Court dismiss the petition with prejudice. It is further recommended that Petitioner's motion for summary judgment (Docket #37) be denied.

In addition, if Petitioner should choose to appeal this action, I recommend that a certificate of appealability be denied as to each issue raised by the Petitioner in this application for habeas corpus relief. Under 28 U.S.C. § 2253(c)(2), the court must determine whether a certificate

of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, the undersigned has examined each of Petitioner's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The undersigned concludes that reasonable jurists could not find that a dismissal of each of Petitioner's claims was debatable or wrong. Therefore, the undersigned recommends that the court deny Petitioner a certificate of appealability.

NOTICE TO PARTIES: Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b). Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985).

/s/ Timothy P. Greeley
TIMOTHY P. GREELEY
UNITED STATES MAGISTRATE JUDGE

Dated: May 1, 2013